**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

CV 14 -       1737

Adrienne Caldwell,

               Plaintiff,

     v.

Collection Technology, Inc.; and DOES 1-10,
inclusive,

               Defendants.

Civil Action No.: _____

WEINSTEIN, J.

**COMPLAINT**

MAR 17 2014

For this Complaint, the Plaintiff, Adrienne Caldwell, by undersigned counsel, states as follows:

## JURISDICTION

1.     This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA"), and the invasions of the Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2.     Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.     The Plaintiff, Adrienne Caldwell ("Plaintiff"), is an adult individual residing in Maspeth, NY, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and is a "person" as defined by 47 U.S.C.A. § 153(39).

5.     Defendant Collection Technology, Inc. ("Collection"), is a California business entity with an address of 1200 Corporate Center Drive , Suite 325Monterey Park, California 91754, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and is a "person" as defined by 47 U.S.C.A. § 153(39).

6.     Does 1-10 (the "Collectors") are individual collectors employed by Collection and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.     Collection at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8.     The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to Collection for collection, or Collection was employed by the Creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Collection Engages in Harassment and Abusive Tactics

12.     In or around September 2012, Collection began placing calls to Plaintiff's cellular telephone, number 917-xxx-0563 in an attempt to collect the Debt.

13.     At all times mentioned herein, Collection placed calls to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") and /or by using an

automated or prerecorded voice.

14.     When Plaintiff answered a call from Collection, she experienced a period of silence before being connected to a live representative.

15.     During a conversation with Collection, Plaintiff informed it that the calls to her cellular telephone were harassing and requested that Collection cease all calls to her cellular telephone number.

16.     Plaintiff never provided her cellular telephone number to Collection and never provided her consent to be contacted at her cellular telephone number.

17.     If at one time Collection had express consent to contact Plaintiff at her cellular telephone number it no longer had consent to do so after Plaintiff instructed it to cease all calls.

18.     None the less, Collection continued to place calls to Plaintiff's cellular telephone at an annoying and harassing rate placing up to twelve calls daily.

19.     Moreover, Collection contacted Plaintiff's landlord and disclosed that Plaintiff had a Debt and that Collection was calling in an attempt to collect the Debt.

20.     Additionally, on more than one occasion Collection placed calls to Plaintiff's sister's phone number in an attempt to reach Plaintiff.

21.     Collection has also failed to send Plaintiff written notification regarding Plaintiff's rights to dispute the Debt.

**C. Plaintiff Suffered Actual Damages**

22.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

23.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress,

3

fear, frustration and embarrassment.

24.    The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

25.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26.    The Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted third parties for purposes other than to confirm or correct location information.

27.    The Defendants' conduct violated 15 U.S.C. § 1692b(2) in that Defendants informed third parties of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt.

28.    The Defendants' conduct violated 15 U.S.C. § 1692b(3) in that Defendants contacted third parties in regards to the Plaintiff's debt on numerous occasions, without being asked to do so.

29.    The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

30.    The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

31.    The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

32.    The Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed

to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

33.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

34.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

35.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

36.     The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

37.     The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of New York.

38.     All acts of the Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to imposition of punitive damages.

## COUNT III

## VIOLATIONS OF NEW YORK GBL § 349
## ENGAGING IN UNLAWFUL DECEPTIVE PRACTICES AND ACTS

39.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

40.     The acts, practices and conduct engaged in by the Defendants and complained of

herein constitute "deceptive acts and practices" within the meaning of Article 22A of the General Business Law of the State of New York, NY GBL § 349.

41.    The Defendants willfully and knowingly engaged in conduct constituting deceptive acts and practices in violation of NY GBL§ 349.

42.    The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants.

43.    By virtue of the foregoing, the Plaintiff is entitled to recover actual damages, trebled, together with reasonable attorneys' fees.

## COUNT IV

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

44.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45.    At all times mentioned herein and within the last four years, Defendant called Plaintiff on her cellular telephone using an automatic telephone dialing system ("ATDS" or "Predictive Dialer") and/or by using a prerecorded or artificial voice.

46.    In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call..."*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or

a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

47.     Defendant's telephone systems have some earmarks of a Predictive Dialer. Often times when Plaintiff answered the phone, she was met with a period of silence before Defendant's telephone system would connect her to the next available representative.

48.     Upon information and belief, Defendant's Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

49.     Despite Plaintiff directing Defendant to cease all calls to her cellular telephone, Defendant continued to place automatic telephone calls to Plaintiff's cellular telephone knowing that it lacked consent to call her number. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

50.     The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

51.     The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

52.     As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

53.     As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47

U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the

Plaintiff's favor and against the Defendants as follows:

1. Against the named the Defendants, jointly and severally, awarding the Plaintiff
actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Against each of the named the Defendants, awarding the Plaintiff statutory
damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Against the named the Defendants, jointly and severally, awarding the Plaintiff
actual damages, trebled, pursuant to NY GBL § 349;

4. Against the named the Defendants, jointly and severally, awarding the Plaintiff
recovery of the costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C.
§ 1692k(a)(3);

5. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

6. Against the named the Defendants, jointly and severally, awarding the Plaintiff
punitive damages in such amount as is found appropriate; and

7. Granting the Plaintiff such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: March 11, 2014

Respectfully submitted,

By: _____

Sergei Lemberg (SL 6331)
LEMBERG LAW L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905

8

Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff